# HAGERSTOWN & FREDERICK RAILWAY COMPANY

*vs.*

## JOHN W. GROVE ET AL.

*Right of Way—Abandonment.*

That a suburban railroad company, in connection with a change of its route from one street to another, in pursuance of a city ordinance providing for such change, also removed its track from certain land over which it had condemned the easement of a right of way, involved an abandonment of the easement, precluding it from the construction of a switch or siding on such land.

*Decided April 19th, 1922.*

Appeal from the Circuit Court for Frederick County, In Equity (WORTHINGTON, J.).

Bill by John W. Grove and Elsie I. Grove, his wife, against the Hagerstown and Frederick Railway Company. From a decree for plaintiffs, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, ADKINS, and OFFUTT, JJ.

*Leo Weinberg,* for the appellant.

*Frank L. Stoner* and *John S. Newman,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This is a bill in equity, filed by the plaintiffs, the appellees on this record, against the defendants, the appellants here, in the Circuit Court for Frederick County, to enjoin and restrain the defendants by injunction from locating and constructing a switch or siding for railroad purposes on the

plaintiffs' lands, as designated in the bill of complaint, and from placing thereon certain materials necessary and useful for the construction and operation of the switch or siding thereon.

The defendants filed a demurrer to the bill, which was overruled, and from a decree of the Circuit Court for Frederick County, sitting in equity, dated the 20th day of December, 1921, granting the injunction as prayed, this appeal has been taken.

The material facts, as they appear from the record, are as follows: On the 8th of September, 1906, the Washington, Frederick & Gettysburg Railway Company, which subsequently became merged in the appellant company, in the exercise of its right of eminent domain, condemned a strip of land along the north side of plaintiffs' farm and bordering on what is known as the Montevue Pike, for a distance of 1,375 feet, and of the width of 25.51 feet at the eastern end thereof, and of 14 feet at the western end thereof, the use of which piece of land, as stated in the inquisition, is needed by the Washington, Frederick & Gettysburg Railway Company for the construction of a railroad from Frederick City to Thurmont, in Frederick County. A plat showing the boundaries of the strip of ground mentioned is set out in the record, marked "W. F. and G. Ry. Co. Plan Showing Right of Way Through Lands of John W. Grove."

The condemnation proceedings were ratified by the court on the 9th of January, 1907, and the railway company subsequently constructed a single track railway westwardly out and on Fourth Street, in Frederick City, and south of and adjoining the Montevue Pike and along over the strip of ground condemned, of the plaintiffs' farm, the railway company being authorized to lay its track on Fourth Street, in Frederick City, by an ordinance of the Mayor and Aldermen of Frederick, dated July 25th, 1906.

It appears that the road as thus constructed was operated for a few years but, upon objection by the residents of

Fourth Street to the use of that street for railroad purposes, application was made to the authorities of Frederick City for a change of route for the railroad.

By an ordinance of the Mayor and Aldermen of Frederick City, dated March 18, 1910, the Frederick Railroad Company, the successor through merger and consolidation of the Washington, Frederick and Gettysburg Railway Company, was granted the right to lay and maintain its tracks and roadbed along, through, and over Fifth Street in Frederick City, subject to certain regulations, restrictions and conditions.

By section 5 of the ordinance, it is provided that the

"Frederick Railroad Company shall, at its own expense, after the completion of its roadbed on Fifth Street and within two years from the date of this ordinance, remove its track from Fourth Street, and put the street in as good condition as it was before the laying of said tracks thereon, and in the meantime it shall keep the portion of said street occupied by its said tracks in good repair, provided that the rights, privileges and franchises which were granted to the Washington, Frederick & Gettysburg Railway Company by ordinance dated July 25, 1906, shall forthwith cease and terminate at the expiration of the time hereinbefore granted to the Frederick Railroad Company for the completion and operation of its tracks on Fifth Street."

It further appears that, in accordance with the ordinance and permission, the railroad company, in the year 1910, removed its track from Fourth Street to Fifth Street, and extended its line westward to and across the Montevue Pike, where it connected on the south and southwest side of the pike with the track as laid down in 1906. It is also stated that, at the same time and in connection with the removal of the track from Fourth Street, the track that had been laid on the 250 or 300 feet of the eastern end of the strip condemned on the Grove farm was also removed and taken away. The railroad

company took up its rails and cross-ties on Fourth Street and on the eastern portion of the condemned land, and the railroad thereafter was operated in and out of Fifth Street, leaving the condemned land some three or four hundred feet west of its eastern end.

We have thus set out the facts of the case somewhat at length because it was upon these the court below held that, when the defendant company abandoned Fourth Street and took up its ties and rails and removed them from the 250 or 300 feet of land in dispute, it abandoned that much of its right of way over the Grove land for railroad purposes except at the connecting curve, where it is still used for poles and guy wires, and even if the original easement ever permitted it, no switch or track may now lawfully be placed thereon, under and by virtue of the original condemnation proceeding.

As we concur in this determination of the court below, and as the conclusion thus reached disposes of the case, the other questions discussed and raised at the hearing need not be considered or passed on by us.

In *Vogler* v. *Geiss,* 51 Md. 407, it is said: "It is now very well settled, by authorities of the highest character, that a party entitled to a right of way or other mere easement in the land of another may abandon and extinguish such right by acts *in·pais,* and without deed or other writing. * * * A cesser of the use, coupled with any act clearly indicative of an intention to abandon the right, would have the same effect as an express release of the easement, without any reference whatever to time."

In the more recent cases of *Stewart* v. *May,* 119 Md. 18; and *Canton Co.* v. *Balto. & Ohio R. R. Co.,* 99 Md. 218, the same rule and doctrine is repeated and announced. See also *Glenn* v. *Davis,* 35 Md. 208; 14 *Cyc.* 1188; 10 *A. & E. Enc. of Law,* 437; 9 *R. C. L.* 68-72; 19 *C. J.,* page 940.

In *Stacey* v. *Vermont Central Railroad Company,* 27 Vt. 39, the court held that where a railroad company changes the line of their road, the change operates as an abandonment by them of the land upon the line deviated from, so that they can

no longer claim any right or interest in the land or in any easement growing out of it. *Commonwealth* v. *Cambridge,* 7 Mass. 164; *Commonwealth* v. *Boston & Albany Railroad,* 150 Mass. 174.

The appellant in this case, it will be seen, had not only ceased to use the strip of ground in dispute for the purposes of a railroad, but it accepted from the City of Frederick the franchise for the operation of its railroad on Fifth Street, under an ordinance which provided for the cessation and termination of the right to operate on Fourth Street, and that it was to remove its track from Fourth Street and put the street in as good condition as it was before the laying of the tracks thereon. It took up and removed the rails and crossties from Fourth Street, and the eastern portion of the strip of ground condemned, and constructed and operated its road over and out of Frederick City over Fifth Street, which route had been changed from Fourth Street to Fifth Street.

The facts disclosed by the record in this case, we think, are sufficient to prove not only an intention to abandon the land in controversy, but there was an actual and complete abandonment thereof by the appellants.

In the case of *Roanoke Inv. Co.* v. *Kansas City Ry. Co.,* 108 Mo. 66, it was held that the intention to abandon was not only from declarations, but because it had adopted a different route, a fact of most positive and unequivocal evidence of an intention. *Canton Co.* v. *Balto. & Ohio R. R. Co.,* 99 Md. 218; *Stewart* v. *May,* 119 Md. 18; *Vogler* v. *Geiss,* 51 Md. 407.

It follows, for the reasons stated, that the decree of the Circuit Court for Frederick County, in equity, dated the 20th day of December, 1921, overruling the defendant's demurrer to the bill of complaint, and directing the writ of injunction to issue as prayed in the bill, will be affirmed.

*Decree affirmed, the costs in this Court and in the court below to be paid by the appellants.*